UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TARA DEVITA,                                                                    13-CV-5607 (LTS)

                                Plaintiff,

                                            **ANSWER**

          -against-

PHILLIPS & MILLMAN, LLP, JEFFREY T. MILLMAN,
ESQ., JOEL A. GROSSBARTH, ESQ. and TOGNINO
& GROSSBARTH, LLP,

                                Defendants.
------------------------------------------------------------------------X

        Defendants, PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. (hereinafter "Defendants"), by their attorneys, KAUFMAN BORGEEST & RYAN LLP, hereby respond to Plaintiff's First Amended Complaint (hereinafter "the First Amended Complaint") as follows:

## THE PARTIES

        1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Amended Complaint.

        2.     Defendants admit the truth of the allegations contained in paragraph "2" of the First Amended Complaint.

        3.     Defendants admit the truth of the allegations contained in paragraph "3" of the First Amended Complaint.

        4.     Defendants admit the truth of the allegations contained in paragraph "4" of the First Amended Complaint.

        5.     Defendants admit the truth of the allegations contained in paragraph "5" of the First Amended Complaint.

        6.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the First Amended Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Amended Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the First Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the First Amended Complaint.

## JURISDICTION & VENUE

10. Defendants deny the truth of the allegations contained in paragraph "10" of the First Amended Complaint and refer all questions of law to the court.

11. Defendants deny the truth of the allegations contained in paragraph "11" of the First Amended Complaint and refer all questions of law to the court.

12. Defendants deny the truth of the allegations contained in paragraph "12" of the First Amended Complaint and refer all questions of law to the court.

## FACTUAL BACKGROUND

13. Defendants admit the truth of the allegations contained in paragraph "13" of the First Amended Complaint.

14. Defendants deny the truth of the allegations contained in paragraph "14" of the First Amended Complaint.

15. Defendants deny the truth of the allegations contained in paragraph "15" of the First Amended Complaint.

16. Defendants deny the truth of the allegations contained in paragraph "16" of the First Amended Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the First Amended Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the First Amended Complaint.

2370627

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Complaint.

20.     Defendants deny the truth of the allegations contained in paragraph "20" of the First Amended Complaint.

21.     Defendants deny the truth of the allegations contained in paragraph "21" of the First Amended Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the First Amended Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the First Amended Complaint.

28.     Defendants deny the truth of the allegations contained in paragraph "28" of the First Amended Complaint.

29.     Defendants admit that Phillips & Millman, LLP was retained by plaintiff, deny that Jeffrey T. Millman, Esq. was retained by plaintiff and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the First Amended Complaint.

30.     Defendants deny the truth of the allegations contained in paragraph "30" of the First Amended Complaint as it sets forth the wrong standard of care.

31. Defendants admit the truth of the allegations contained in paragraph "31" of the First Amended Complaint.

32. Defendants admit the truth of the allegations contained in paragraph "32" of the First Amended Complaint.

33. Defendants admit the truth of the allegations contained in paragraph "33" of the First Amended Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the First Amended Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the First Amended Complaint.

36. Defendants deny the truth of the allegations as to Phillips & Millman, LLP and Jeffrey T. Millman, Esq. and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the First Amended Complaint.

37. Defendants admit the truth of the allegations contained in paragraph "37" of the First Amended Complaint.

38. Defendants admit the truth of the allegations contained in paragraph "38" of the First Amended Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the First Amended Complaint.

40. Defendants deny the truth of the allegations contained in paragraph "40" of the First Amended Complaint.

41. Defendants deny the truth of the allegations as to Phillips & Millman, LLP and Jeffrey T. Millman, Esq. and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the First Amended Complaint.

42.  Defendants deny the truth of the allegations contained in paragraph "42" of the First Amended Complaint.

43.  Defendants admit that the statute of limitations had expired in February 2012 and otherwise deny the truth of the allegations contained in paragraph "43" of the First Amended Complaint.

### AS AND FOR A FIRST, SEPARATE
### AND DISTINCT CAUSE OF ACTION

44.  Defendants repeat and reiterate each and every response to Plaintiff's allegations in paragraph "1" through "43" as if fully set forth at length herein.

45.  Defendants deny the truth of the allegations contained in paragraph "45" of the First Amended Complaint.

46.  Defendants deny the truth of the allegations contained in paragraph "46" of the First Amended Complaint.

47.  Defendants deny the truth of the allegations contained in paragraph "47" of the First Amended Complaint.

48.  Defendants deny the truth of the allegations contained in paragraph "48" of the First Amended Complaint.

49.  Defendants deny the truth of the allegations contained in paragraph "49" of the First Amended Complaint.

50.  Defendants deny the truth of the allegations contained in paragraph "50" of the First Amended Complaint.

51.  Defendants deny the truth of the allegations contained in paragraph "51" of the First Amended Complaint.

### AS AND FOR A SECOND, SEPARATE
### AND DISTINCT CAUSE OF ACTION

52.  Defendants repeat and reiterate each and every response to Plaintiff's allegations in paragraph "1" through "51" as if fully set forth at length herein.

53. Defendants deny the truth of the allegations contained in paragraph "53" of the First Amended Complaint.

54. Defendants deny the truth of the allegations contained in paragraph "54" of the First Amended Complaint.

55. Defendants deny the truth of the allegations contained in paragraph "55" of the First Amended Complaint.

56. Defendants deny the truth of the allegations contained in paragraph "56" of the First Amended Complaint.

57. Defendants deny the truth of the allegations contained in paragraph "57" of the First Amended Complaint.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION

58. Defendants repeat and reiterate each and every response to Plaintiff's allegations in paragraph "1" through "57" as if fully set forth at length herein.

59. Defendants deny the truth of the allegations contained in paragraph "59" of the First Amended Complaint.

60. Defendants deny the truth of the allegations contained in paragraph "60" of the First Amended Complaint.

61. Defendants deny the truth of the allegations contained in paragraph "61" of the First Amended Complaint.

62. Defendants deny the truth of the allegations contained in paragraph "62" of the First Amended Complaint.

63. Defendants deny the truth of the allegations contained in paragraph "63" of the First Amended Complaint.

6

2370627

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION

64. Defendants repeat and reiterate each and every response to Plaintiff's allegations in paragraph "1" through "63" as if fully set forth at length herein.

65. Defendants deny the truth of the allegations contained in paragraph "65" of the First Amended Complaint.

66. Defendants deny the truth of the allegations contained in paragraph "66" of the First Amended Complaint.

67. Defendants deny the truth of the allegations contained in paragraph "67" of the First Amended Complaint.

68. Defendants deny the truth of the allegations contained in paragraph "68" of the First Amended Complaint.

69. Defendants deny the truth of the allegations contained in paragraph "69" of the First Amended Complaint.

### JURY DEMAND

70. This allegation does not require an answer.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71. Plaintiff's First Amended Complaint fails to state a cause of action for which relief may be granted as against Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's First Amended Complaint fails to establish that the Defendants' conduct fell below the applicable standard of care.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73. Defendants exercised due care and diligence in all matters alleged in the First Amended Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. The documentary evidence provides Defendants with a complete defense to Plaintiff's allegations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Any damages sustained by Plaintiff were a result of the acts or omissions of third persons or entities over which Defendants exercised no control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff cannot establish that she would not have sustained alleged damages "but for" Defendants' alleged actions or omissions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff cannot establish that "but for" Defendants' alleged negligence, she would have succeeded in her action against Dr. Bennett C. Rothenberg for medical malpractice.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiff failed to mitigate any damages she may have sustained as a result of the matters alleged in the First Amended Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79. Plaintiff cannot establish that she has suffered actual and ascertainable damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

80. Defendants did not have a fiduciary relationship with Plaintiff.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

81. Plaintiff's breach of fiduciary duty claim is duplicative of her legal malpractice claim.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

82. Plaintiff's breach of contract claim is duplicative of her legal malpractice claim.

2370627

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

83.     Defendants did not make any material misrepresentations of existing facts to Plaintiff with knowledge of the falsity and the intent to induce reliance.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

84.     Plaintiff did not justifiable rely on any alleged misrepresentations made by Defendants.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

85.     If the Plaintiff should settle the instant action with a party other than the Answering Defendants, said Defendants are entitled to a set-off as against such settlement pursuant to General Obligations Law Section 15-108.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANT JOEL A. GROSSBARTH, ESQ.

86.     In the event that liability is found against Phillips & Millman, LLP and Jeffrey T. Millman, Esq., such liability being explicitly denied, then Phillips & Millman, LLP and Jeffrey T. Millman, Esq. shall be entitled to contribution from Defendant Joel A. Grossbarth, Esq. for his proportionate share of liability.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION AGAINST DEFENDANT JOEL A. GROSSBARTH, ESQ.

87.     In the event that liability is found against Phillips & Millman, LLP and Jeffrey T. Millman, Esq., such liability being explicitly denied, then Phillips & Millman, LLP and Jeffrey T. Millman, Esq. shall be entitled to common law indemnification from Defendant Joel A. Grossbarth, Esq. for any and all amounts arising from said liability as it was the acts, omissions and/or representations of Defendant Joel A. Grossbarth, and not Phillips & Millman, LLP and Jeffrey T. Millman, Esq., that caused Plaintiff's purported damages.

2370627

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST DEFENDANT TOGNINO & GROSSBARTH, LLP

88. In the event that liability is found against Phillips & Millman, LLP and Jeffrey T. Millman, Esq., such liability being explicitly denied, then Phillips & Millman, LLP and Jeffrey T. Millman, Esq. shall be entitled to contribution from Defendant Tognino & Grossbarth, LLP for its proportionate share of liability.

## AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION AGAINST DEFENDANT TOGNINO & GROSSBARTH, LLP

89. In the event that liability is found against Phillips & Millman, LLP and Jeffrey T. Millman, Esq., such liability being explicitly denied, then Phillips & Millman, LLP and Jeffrey T. Millman, Esq. shall be entitled to common law indemnification from Defendant Tognino & Grossbarth, LLP for any and all amounts arising from said liability as it was the acts, omissions and/or representations of Defendant Tognino & Grossbarth, LLP, and not Phillips & Millman, LLP and Jeffrey T. Millman, Esq., that caused Plaintiff's purported damages.

**WHEREFORE**, the Defendants, PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. respectfully request that this court enter judgment as follows:

a. Dismissing Plaintiff's First Amended Complaint;

b. Granting to Defendants the costs, expenses, and disbursements resulting from this litigation, including attorneys' fees;

c. Granting to Defendants judgment on their cross-claims against co-defendants, and

   d.  Awarding such other and further relief as this court deems just, necessary, and proper.

Dated: New York, New York
    October 30, 2013

                Respectfully submitted,

                KAUFMAN BORGEEST & RYAN LLP

                By: _____
                   Jonathan B. Bruno
                   Deborah M. Zawadzki
                Attorneys for Defendants
                PHILLIPS & MILLMAN, LLP and
                JEFFREY T. MILLMAN, ESQ.
                120 Broadway, 14th Floor
                New York, New York 10271
                (212) 980-9600
                KBR File No.: 291.005

To: Steven T. Halperin, Esq.
   HALPERIN & HALPERIN, P.C.
   Attorney for Plaintiff
   TARA DeVITA
   18 East 48th Street
   New York, New York 10017
   (212) 935-2600

   Joel A. Grossbarth
   29 Linden Court
   New City, New York 10956

   Tognino & Grossbarth, LLP
   c/o Joel A. Grossbarth
   29 Linden Court
   New City, New York 10956

2370627

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer has been served via ECF and by first-class mail, postage prepaid, on October 30, 2013 upon the attorneys for the parties at the addresses listed below:

Steven T. Halperin, Esq.
HALPERIN & HALPERIN, P.C.
Attorney for Plaintiff
TARA DeVITA
18 East 48th Street
New York, New York   10017

Joel A. Grossbarth
29 Linden Court
New City, New York 10956

Tognino & Grossbarth, LLP
c/o Joel A. Grossbarth
29 Linden Court
New City, New York 10956

Deborah M. Zawadzki

2383592