UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TARA DEVITA,

                Plaintiff,            IndexNo.13-CV-5607

   -Against-                          (LTS)(MHD)

PHILLIPS & MILLMAN, LLP, JEFFREY T.      PRELIMINARY PRE-TRIAL
MILLMAN, ESQ., JOEL A. GROSSBARTH, ESQ.  STATEMENT
and TOGNINO & GROSSBARTH, LLP,

                Defendants.

------------------------------------------------------------X

       The undersigned attorneys hereby affirm that this Preliminary Pre-Trial Statement is submitted in conformity with the Initial Conference Order of Judge Laura Taylor Swain, dated October 1, 2013 (ECF Doc. No. 2):

       (a) The subject action is brought by plaintiff for (1) legal malpractice, (2) breach of contract, (3) breach of fiduciary duty and (4) fraudulent misrepresentation in connection with defendants' legal representation of plaintiff in a lawsuit brought in the Superior Court of the State of New Jersey, County of Bergen under Index No. BER L - 007465/05. The underlying lawsuit was an action for medical malpractice against Dr. Bennett Rothenberg, a board certified plastic surgeon with offices located in Livingston, New Jersey who performed restorative plastic surgery on plaintiff to treat a bilateral breast deformity plaintiff had since birth. Plaintiff claims that following her surgery, her left breast became swollen and infected, but that Dr. Rothenberg failed to provide appropriate and timely medical treatment, resulting in additional surgeries, treatment, pain and suffering and leaving plaintiff with a permanent deformity of her left breast. The underlying lawsuit was dismissed on procedural grounds shortly after it was brought. Plaintiff alleges (1) that the underlying action was dismissed as a consequence of the

1

professional negligence of defendants; (2) that she was never apprised by defendants of the dismissal of the underlying action; and (3) that it was affirmatively represented to her by defendants that the New Jersey lawsuit was still pending until approximately December, 2011.

(b) There are no related actions or proceedings.

(c) The basis of federal jurisdiction is as follows:

[i] This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Specifically, plaintiff TARA DeVITA is a resident of the State of New Jersey; defendants JEFFREY T. MILLMAN, ESQ. and JOEL A. GROSSBARTH, ESQ. are residents of the State of New York; and defendants PHILLIPS & MILLMAN, LLP and TOGNINO & GROSSBARTH, LLP are both New York Limited Liability Partnerships consisting of attorneys all of whom are residents and maintain offices in the County of Rockland, State of New York.

[ii] This Court has personal jurisdiction over the defendant herein because defendants have engaged in activities within the State of New York and this district.

[iii] Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391 (b)(1) because all defendants reside in this district.

Defendants do not dispute personal jurisdiction or venue.

(d) It is uncontested and/or admitted that plaintiff engaged defendants to represent her in the underlying medical malpractice action against Dr. Rothenberg in October 2004. It is further uncontested and/or admitted that defendant JOEL A. GROSSBARTH, ESQ, who was licensed in both New York and New Jersey, was the lead attorney handling plaintiff's litigation in New Jersey. It is further uncontested and/or admitted that defendant JEFFREY T.

2483919

MILLMAN, ESQ. was at all times a principal of PHILLIPS & MILLMAN, LLP and maintained contact with defendant JOEL A. GROSSBARTH, ESQ in connection with the underlying New Jersey lawsuit. It is further uncontested and/or admitted that during the period of the representation, defendant JOEL A. GROSSBARTH, ESQ. was a principal of defendant TOGNINO & GROSSBARTH, LLP.

It is uncontested and/or admitted that the underlying action was prepared and filed by defendant JOEL A. GROSSBARTH in the Superior Court of the State of New Jersey, Bergen County on November 1, 2005. After answering the suit, Dr. Rothenberg successfully filed a motion to change venue to Morris County, which was granted, and the case transferred on June 1, 2006. Thereafter, Dr. Rothenberg filed a motion to dismiss the complaint on September 18, 2006 because an affidavit of merit by a medical professional to substantiate plaintiff's claim was not filed within 60 days of Dr. Rothenberg's answer, as required by New Jersey statute. The motion to dismiss was granted without opposition on November 13, 2006.

(e) There are no uncontested legal issues.

(f) The parties anticipate that the following legal issues will be before the Court: (1) Whether this action was timely brought; (2) whether defendants were negligent in their representation of plaintiff in the underlying medical malpractice action; (3) whether "but for" the defendants negligence, plaintiff would have succeeded in her underlying medical malpractice action; (3) whether plaintiff incurred actual and ascertainable damages as a result of the actions or inactions of the defendants; (4) whether plaintiff's breach of fiduciary duty, breach of contract and fraud claims are duplicative of plaintiff's legal malpractice claim; and (5) whether New York or New Jersey law is to be applied to the instant action.

(g) Plaintiff contends that she retained defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. in the underlying medical malpractice action against Dr. Rothenberg in or about October 2004. Defendant JOEL A. GROSSBARTH, ESQ, who was licensed in both New York and New Jersey, was in turn engaged by defendant PHILLIPS & MILLMAN, LLP as the lead attorney handling plaintiff's litigation in New Jersey. Defendant JEFFREY T. MILLMAN, ESQ. was at all times a principal of PHILLIPS & MILLMAN, LLP. Plaintiff maintained regular contact with all of the individual defendants in connection with the underlying New Jersey lawsuit. Defendant JOEL A. GROSSBARTH, ESQ. was at all times acting both in his individual capacity and as a principal of defendant TOGNINO & GROSSBARTH, LLP.

Plaintiff contends that the underlying action was prepared and filed by defendant JOEL A. GROSSBARTH in the Superior Court of the State of New Jersey, Bergen County on November 1, 2005. After answering the suit, Dr. Rothenberg successfully filed a motion to change venue to Morris County, which was granted, and the case transferred on June 1, 2006. Thereafter, Dr. Rothenberg filed a motion to dismiss the complaint on September 18, 2006 because an affidavit of merit by a medical professional to substantiate plaintiff's claim was not filed within 60 days of Dr. Rothenberg's answer, as required by New Jersey statute. The motion to dismiss was granted without opposition on November 13, 2006. Defendants did not oppose the motion or request an additional 60 days in which to file the affidavit of merit, which is permitted by New Jersey statute. Plaintiff was never advised that her medical malpractice action had been dismissed. From the date of dismissal through November 2011, defendants regularly advised plaintiff that they were continuing to litigate plaintiff's case, were engaging in substantive settlement discussions, and were in the process of scheduling a mediation.

2483919

Plaintiff contends that in or about February, 2012, plaintiff was contacted by defendant JEFFREY T. MILLMAN who advised plaintiff that her case had been dismissed more than five (5) years earlier, and that defendant JOEL A. GROSSBARTH had misrepresented the status of plaintiff's case to him. Defendant JEFFREY T. MILLMAN further stated in sum and substance (1) that defendant JEFFREY T. MILLMAN and his firm were legally responsible for the actions and inactions of defendant JOEL A. GROSSBARTH who was at all times handling the case on behalf of his firm; and (2) that plaintiff should retain counsel to bring suit against defendants JEFFREY T. MILLMAN and his firm for legal malpractice. Following the aforementioned conference, plaintiff's efforts to obtain her file from the defendants were ignored.

Plaintiff contends that her underlying action for medical malpractice had been carefully reviewed by defendants and one or more physicians retained by defendants, and that it had merit. Plaintiff further contends that but for the professional negligence, breach of contract, breach of fiduciary duty and fraud by defendants, she would have been able to recover substantial damages and compensation for the injuries which she sustained at the hands of Dr. Rothenberg.

Plaintiff contends that as a direct consequence of the professional negligence, breach of contract, breach of fiduciary duty and fraud by defendants and each of them, she was denied the opportunity to present her medical malpractice case to a New Jersey jury, and thereby sustained compensatory damages. Plaintiff contends that her underlying action for malpractice had merit; and defendants confirmed to her that it had merit. Plaintiff contends that defendants are jointly and severally liable in this action. Plaintiff further contends that any award of compensation in this action should bear interest from the date of such malpractice, breach of contract and/or fiduciary duty and/or fraud.

PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. contend that JOEL A. GROSSBARTH, ESQ. was the sole handling attorney for plaintiff's underlying medical malpractice action. JOEL A. GROSSBARTH, ESQ. did not advise PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. that Dr. Rothenberg filed a motion to dismiss the underlying medical malpractice action for failure to file an affidavit of merit, or that the motion was granted and the action dismissed on November 13, 2006. JOEL A. GROSSBARTH, ESQ. made representations to PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. that he was litigating plaintiff's case and engaging in settlement discussions. JOEL A. GROSSBARTH, ESQ. also showed PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. letters and other documents indicating that the case was proceeding through litigation. PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. also contend that after JOEL A. GROSSBARTH, ESQ. was suspended from the practice of law in New York in November 2011, they learned for the first time that plaintiff's underlying medical malpractice action had been dismissed. JEFFREY T. MILLMAN, ESQ. met with plaintiff at her home in December 2011 and told plaintiff and her mother what happened. JEFFREY T. MILLMAN, ESQ. did not tell plaintiff that he and his firm were legally responsible for the actions and inactions of JOEL A. GROSSBARTH, ESQ. and did not tell plaintiff to bring a lawsuit against him and his firm for legal malpractice.

Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH dispute that the underlying action for medical malpractice had merit; Dr. Rothenberg departed from the standard of care; and Plaintiff had a viable claim for medical malpractice against Dr. Rothenberg. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH,

2483919

LLP further dispute that JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP's conduct fell below the applicable standard of care or other failure by JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP.

(h) Plaintiff contends that after sustaining injuries as a consequence of the medical malpractice of Dr. Rothenberg, she was referred to defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. by Daniel Nathan Kraushaar, Esq., a Rockland County attorney. Defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. advised plaintiff that defendants JOEL A. GROSSBARTH, ESQ., a New Jersey admitted attorney and experienced medical malpractice practitioner, would handle the medical malpractice action in New Jersey Superior Court. TOGNINO & GROSSBARTH, LLP was the employer of defendant JOEL A. GROSSBARTH, ESQ.

The underlying medical malpractice action was filed in the Superior Court of the State of New Jersey, County of Bergen under Index No. BER L - 007465/05 on November 1, 2005. A Motion to Change Venue was filed by Dr. Rothenberg on or about May 4, 2006; and the aforementioned action was subsequently transferred to Morris County on or about June 1, 2006. Defendants did not comply with N.J.S.A. 2A:53A-27 and N.J.S.A. 2A:53A-41 which requires the service and filing of an Affidavit of Merit by a licensed physician within the same specialty as Dr. Rothenberg substantiating the claim within sixty (60) days. Consequently, a motion to dismiss the underlying action brought by Dr. Rothenberg was granted without opposition on or about November 13, 2006. Notwithstanding the dismissal of plaintiff's action, defendants continued to represent to plaintiff that her medical malpractice action was pending, that counsel were engaged in discovery, that counsel were engaged in settlement discussions, that settlement offers had been tendered and rejected, and that a mediation was being scheduled.

These representations to plaintiff by defendants continued through and including approximately December, 2011.

In or about February, 2012, plaintiff was contacted by defendant JEFFREY T. MILLMAN who advised plaintiff that her case had been dismissed more than five (5) years earlier, and that defendant JOEL A. GROSSBARTH had misrepresented the status of plaintiff's case to him. Defendant JEFFREY T. MILLMAN further stated in sum and substance (1) that defendant JEFFREY T. MILLMAN and his firm were legally responsible for the actions and inactions of defendant JOEL A. GROSSBARTH who was at all times handling the case on behalf of his firm; and (2) that plaintiff should retain counsel to bring suit against defendants JEFFREY T. MILLMAN and his firm for legal malpractice.

Plaintiff contends that her underlying action for medical malpractice had been carefully reviewed by defendants and one or more physicians retained by defendants, and that it had merit. Plaintiff further contends that but for the professional negligence, breach of contract, breach of fiduciary duty and fraud by defendants, she would have been able to recover substantial damages and compensation.

(i) Defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. contend that plaintiff cannot maintain a claim for legal malpractice against them. Plaintiff cannot establish that any conduct of defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. fell below the applicable standard of care, as they were similarly misled by defendant JOEL A. GROSSBARTH, ESQ., who was the sole handling attorney on plaintiff's underlying medical malpractice action. Plaintiff also cannot establish the "but for" any negligence on the part of defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ.,

2483919

she would have succeeded in her underlying medical malpractice action. Plaintiff's alleged complications from surgery were caused by her smoking and activity, which were contraindicated by Dr. Rothenberg. Plaintiff will also be unable to sustain her claims for breach of fiduciary duty, breach of contract or fraud against the defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ., as they are duplicative of her legal malpractice claim. Plaintiff's action is also time-barred against defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. by the applicable statute of limitations. Plaintiff's underlying medical malpractice action was dismissed on November 13, 2006, so the statute of limitations expired on November 13, 2009. The continuous representation doctrine is inapplicable to defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ., as defendant JOEL A. GROSSBARTH, ESQ. handled plaintiff's underlying medical malpractice action on his own and represented to plaintiff (and defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ.) that he was litigating her action.

Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP contend this action is time barred pursuant to the applicable statute of limitations; that plaintiff's causes of action are duplicative; and that the injuries sustained by plaintiff were due to and/or exacerbated by, the culpable conduct of plaintiff, co-defendants or third parties. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP further contend that plaintiff cannot establish that any of their individual conduct fell below the applicable standard of care. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP further contend that the underlying action for medical malpractice lacked merit; and that plaintiff therefore did not sustain injuries due to the professional negligence of

9

2483919

such defendants. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP seek contribution from their co-defendants for any damages

(j) Plaintiff will have the burden of proving by a preponderance of the evidence that defendants were negligent in their representation of plaintiff in the underlying medical malpractice action; that plaintiff would have succeeded against Dr. Rothenberg "but for" the alleged professional negligence, breach of fiduciary duty, breach of contract and/or fraud by the defendants, as well as the damages incurred by plaintiff as a result of the defendants' alleged negligence. Plaintiff will have the burden of proving her underlying medical malpractice case against Dr. Rothenberg in order to succeed in the legal malpractice action. Plaintiff will also have to establish that her breach of fiduciary duty, breach of contract and fraud claims are not duplicative of her legal malpractice claim; and the relative responsibility of each of the defendants for each cause of action.

The burden will be on defendants to establish that plaintiff's claims are time-barred by the applicable statute of limitations. Defendants will also have the burden of proving their respective cross-claims.

(k) Plaintiff intends to seek leave to further amend the Complaint to add a referring attorney, Daniel Nathan Kraushaar, Esq., as a defendant. The proposed deadline for plaintiff to move to amend and/or file a Second Amended Complaint is February 21, 2014.

Defendants PHILLIPS & MILLMAN, LLP and JEFFREY T. MILLMAN, ESQ. intend to seek leave to amend their answer to assert additional cross-claim(s) against defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP (should the parties decline consent). The proposed deadline for defendants PHILLIPS & MILLMAN, LLP and

10

2483919

JEFFREY T. MILLMAN, ESQ. to file their motion to amend the answer, or if consent is given, to file their amended answer, is February 21, 2014.

(l) The parties do not consent to transfer this action to a Magistrate Judge for all purposes.

(m) The parties intend to serve automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by February 21, 2014.

(n) Disclosure will be required as to plaintiff's underlying medical malpractice action and the claims asserted in plaintiff's Amended Complaint and the cross-claims of the P&M Defendants. This disclosure will include written discovery and interrogatories, depositions of the parties and any non-party witnesses and an independent medical examination of plaintiff. The proposed fact discovery cut-off date is September 5, 2014.

(o) Expert evidence will be required as to both the underlying medical malpractice action and the legal malpractice action. The disclosures will include the designation of experts and production of expert reports, as well as depositions of the designated experts. Plaintiff's expert reports should be exchanged by October 10, 2014 and Defendants' expert reports should be exchanged by November 14, 2014. Expert depositions should be completed by December 12, 2014.

(p) None.

(q) No settlement discussions have thus far been held. There are no prospects for settlement at this time. This could change following the completion of fact discovery and prior to expert discovery.

(r) Plaintiff seeks a trial by jury and anticipates that it will take three days to present her case in chief. Defendants PHILLIPS & MILLMAN, LLP and JEFFREY T.

2483919

MILLMAN, ESQ. seek a trial by jury and anticipate that it will take two days for them to present their case. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP do not seek a trial by jury and anticipate that it will take two days for them to present their case.

(s) None.

Dated: New York, New York
January 31, 2014

_____
Steven T. Halperin, Esq. (STH-8723)
Halperin & Halperin, P.C.
Attorney for Plaintiff TARA DeVITA
Office & P.O. Address
18 E. 48th Street, Suite 2200
New York, New York 10017
(212) 935-2600
(212) 935-2390 FAX
shalperin@halperinlawyers.com
Halperin_pc@email.msn.com

_____
Brett Scher, Esq. (     )
Amanda Griner, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
Attorney for Defendants
JOEL A. GROSSBARTH, ESQ. and
TOGNINO & GROSSBARTH, LLP
Office & P.O. Address
132 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
bscher@kdvlaw.com
agriner@kdvlaw.com

_____
Jonathan Bruno, Esq. (     )
Deborah M. Zawadzki, Esq.
KAUFMAN BORGEEST & RYAN, LLP
Attorney for Defendants
PHILLIPS & MILLMAN, LLP and
JEFFREY T. MILLMAN, ESQ.
Office & P.O. Address
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
jbruno@kbrlaw.com
dzawadzki@kbrlaw.com

MILLMAN, ESQ. seek a trial by jury and anticipate that it will take two days for them to present their case. Defendants JOEL A. GROSSBARTH, ESQ. and TOGNINO & GROSSBARTH, LLP do not seek a trial by jury and anticipate that it will take two days for them to present their case.

(s) None.

Dated: New York, New York
January 31, 2014

Steven T. Halperin, Esq. (STH-8723)
Halperin & Halperin, P.C.
Attorney for Plaintiff TARA DeVITA
Office & P.O. Address
18 E. 48th Street, Suite 2200
New York, New York 10017
(212) 935-2600
(212) 935-2390 FAX
shalperin@halperinlawyers.com
Halperin_pc@email.msn.com

Brett Scher, Esq. (    )
Amanda Griner, Esq.
KAUFMAN DOLOWICH & VOLUCK, LLP
Attorney for Defendants
JOEL A. GROSSBARTH, ESQ. and
TOGNINO & GROSSBARTH, LLP
Office & P.O. Address
132 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
bscher@kdvlaw.com
agriner@kdvlaw.com

Jonathan Bruno, Esq. (    )
Deborah M. Zawadzki, Esq.
KAUFMAN BORGEEST & RYAN, LLP
Attorney for Defendants
PHILLIPS & MILLMAN, LLP and
JEFFREY T. MILLMAN, ESQ.
Office & P.O. Address
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
jbruno@kbrlaw.com
dzawadzki@kbrlaw.com