UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TARA DEVITA,

        Plaintiff,

 -v-                                             No. 13-CV-5607-LTS-MHD

PHILLIPS & MILLMAN, LLP et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiff Tara DeVita ("Plaintiff") brings this action against Defendants Phillips & Millman, LLP, Jeffrey T. Millman, Esq., Joel A. Grossbarth, Esq., Tognino & Grossbarth, LLP, and Daniel Nathan Kraushaar, Esq. ("Defendants"), for legal malpractice, breach of fiduciary duty, breach of contract, and fraud. The claims arise out of a medical malpractice action dating from 2006, in which Defendants allegedly failed to represent Plaintiff adequately and subsequently misrepresented the progress of her case to her, allowing the statute of limitations on the medical malpractice action to expire. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

Defendant Kraushaar moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss each of the claims asserted against him in Plaintiff's Second Amended Complaint ("SAC"). Defendant asserts that the statute of limitations for legal malpractice actions has expired or, alternatively, that Plaintiff has failed to state a claim against him. The Court has reviewed and considered carefully all of the parties' submissions and arguments. For the following reasons, the motion is denied with respect to Plaintiff's legal malpractice claim, granted with respect to

Plaintiff's breach of contract and fraud claims, granted with respect to Plaintiff's New York law breach of fiduciary duty claim and denied without prejudice to renewal insofar as Plaintiff asserts a breach of fiduciary duty claim under New Jersey law.

BACKGROUND

The following summary is drawn from Plaintiff's SAC, the factual allegations of which are assumed true for the purposes of this motion. On October 13, 2003, Plaintiff underwent restorative plastic surgery performed by Dr. Bennet C. Rothenberg at St. Barnabas Hospital in New Jersey for a breast deformity acquired at birth. (SAC at 28-29.) She continued under the exclusive care of Dr. Rothenberg and his practice during the next two months, during which time her left breast became swollen and infected. (Id. at 29-30.) Although made aware of Plaintiff's infection, Dr. Rothenberg failed to provide appropriate and indicated medical treatment, resulting in Plaintiff sustaining serious and painful personal injuries, for which she was required to undergo multiple additional restorative surgeries, and leaving her with a permanent deformity to her left breast. (Id. at 30.)

In October, 2004, Plaintiff entered into a written retainer agreement with Defendants to represent her in a medical malpractice action against Dr. Rothenberg. (Id. at 33.) Defendants commenced the action on November 1, 2005, in the Superior Court of New Jersey. (Id. at 35.) On September 18, 2006, Dr. Rothenberg filed a motion to dismiss, asserting that Plaintiff had failed to comply with a New Jersey statute that requires the filing of an Affidavit of Merit by a licensed physician within the same specialty as the defendant in a medical malpractice action. (Id. at 38.) Defendants failed to seek an extension of time to obtain the Affidavit of Merit or file an opposition to Dr. Rothenberg's motion, resulting in the uncontested dismissal of Plaintiff's case on November 13, 2006. (Id. at 39, 51.)

Despite the dismissal of Plaintiff's claims, Defendants continued to represent to her and her immediate family that the malpractice action was pending, that counsel were engaged in discovery and settlement discussions, that settlement offers had been tendered and rejected, and that a mediation was being scheduled. (Id. at 40, 51.) These false representations continued through February 2012, when Defendant Millman informed Plaintiff that her action had been dismissed in 2006. (Id. at 44.) By that time, the statute of limitations for medical malpractice actions had expired, so Plaintiff could no longer bring any claims against Dr. Rothenberg. (Id. at 47.)

DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court should "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Watson v. Qiu, 553 F. App'x 96, 97 (2d Cir. 2014) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). Bare conclusions of law without factual support or a formulaic recitation of the elements of a cause of action will not be sufficient to meet the "plausibility" standard. Iqbal, 556 U.S. at 677 (internal citations omitted).

In considering a motion to dismiss, the Court must limit itself to facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)). Therefore, affidavits and exhibits submitted by Plaintiff with her reply to Defendant's motion, which are extraneous to

the complaint and are not attached to it nor incorporated therein by reference, will not be considered.

Choice of Law

In their briefs, the parties have raised, but not addressed in substantive fashion, the question of whether New York or New Jersey law governs Plaintiff's claims. As a federal court sitting in diversity jurisdiction, the Court applies the choice of law rules of New York, the forum state. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). New York choice of law rules give "controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." Tartaglia v. Paul Revere Life Ins. Co., 948 F. Supp. 325, 326 (S.D.N.Y. 1996) (citations omitted). This requires the Court to consider the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred. D'Jamoos v. Griffith, 00 CV 1361, 2001 WL 1328592 at *3 (E.D.N.Y. Aug. 1, 2001). However, where there is no actual conflict of laws on the issue presented, no such choice of law analysis is necessary, and the Court may apply the law of the forum state. Fed. Ins. Co. v. Am. Home Assur. Co., 639 F.3d 557, 566-67 (2d Cir. 2011).

On this motion, as the analysis below will show, there is only one claim as to which the law of the two states appears to differ in any material respect. Therefore, because the parties have not briefed the choice of law question, the Court applies New York law in deciding this motion and grants leave to renew the motion practice against one claim to the extent it is asserted under New Jersey law.

Statute of Limitations

Defendant Kraushaar argues that Plaintiff's complaint is time-barred. A statute of limitations defense "is an affirmative defense that must be pleaded and proved by the party

invoking it." Paladino v. Time Warner Cable of New York City, 793 N.Y.S.2d 63, 64 (N.Y. App. Div. 2d Dep't 2005). Therefore, at the motion to dismiss stage, a claim may not be dismissed unless it is "plain from the face of the complaint that it was not timely filed." Hunt v. PA Dept. Of Corrections, 174 Fed. App'x 679, 681 (3d Cir. 2006).

In New York, there is a three-year statute of limitations for legal malpractice actions. However, under New York's continuous representation doctrine, the statute of limitations begins to run from the end of the attorney-client relationship rather than the date of malpractice so long as the attorney continuously represented the plaintiff between the date of the malpractice and the end of the relationship. See Borgia v. City of New York, 187 N.E.2d 777, 778 (N.Y. 1962) (establishing continuous treatment doctrine for medical malpractice actions); Shumsky v. Eisenstein, 750 N.E.2d 67 (N.Y. 2001) (applying it to legal malpractice actions).

The continuous representation doctrine applies only when the ongoing representation pertained specifically to the matter in which the attorney allegedly committed the malpractice. Id. at 71 (citations omitted). While "a professional's failure to take action or provide services necessary to protect a client's or patient's interest does not, standing alone, constitute representation or treatment," the continuous representation doctrine applies to inaction in situations where plaintiffs were "acutely aware of such need for further representation on the specific subject matter underlying the malpractice claim and there was a mutual understanding to that effect," and where "plaintiffs were left with the reasonable impression that defendant was, in fact, actively addressing their legal needs." Id. at 71-72.

Here, Plaintiff alleges that, through February 2012, Defendants continued to tell her that case was ongoing, that there were settlement discussions, that counsel were engaged in discovery, and that mediation was being scheduled. Based on these allegations, Plaintiff would

have been aware of the need for further representation through February 2012, and would have had no reason to believe that her legal needs were not being met until that time. Therefore, Plaintiff has plausibly alleged facts that, if true, would defeat a statute of limitations defense. Because the SAC is not untimely on its face, Kraushaar's dismissal motion is denied to the extent it is based on the statute of limitations.

If the Court were to apply New Jersey law, the outcome would be the same. The Statute of Limitations on legal malpractice actions in New Jersey is six years and begins to run "when the client suffers damage and discovers, or through reasonable diligence should discover, that that damage is attributable to the attorney's negligent advice." Grunwald v. Bronkesh, 621 A.2d 459, 467 (N.J. 1993). Plaintiff's factual assertions are therefore sufficient to allege a triable claim under New Jersey law as well.[1]

In sum, on the statute of limitations question, there is no conflict of laws between New York and New Jersey, and Plaintiff's complaint survives under the law of either state. Defendant's motion to dismiss the SAC is therefore denied to the extent that it is premised on a statute of limitations argument.

Sufficiency of Legal Malpractice Claim

Under New York law, a plaintiff asserting a legal malpractice claim must allege: (1) negligence by an attorney; (2) that this negligence was the proximate cause of the plaintiff's loss; and (3) actual damages. Nordwind v. Rowland, 584 F.3d 420, 429 (2d Cir. 2009) (quoting Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006)). Similarly, in

---

[1] Defendant asserts in a footnote to his reply brief that Plaintiff has not complied with New Jersey's Affidavit of Merit statute. (Def.'s Reply Mem. at 8 n.3.) This issue is outside the scope of the current motion practice, which is concerned with the facial sufficiency of the complaint.

New Jersey, a client asserting a legal malpractice claim must allege: (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff. Lopez-Siguenza v. Roddy, Civ. No. 13-2005 (JBS/JS), 2014 WL 4854452, at *4 (D.N.J. Sept. 30, 2014) (quoting McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001)). As the elements of a legal malpractice claim are virtually identical in New York and New Jersey, there is no conflict of laws, and the Court applies New York law in assessing the sufficiency of Plaintiff's legal malpractice claim.

First, as to the basis for a duty of care, Plaintiff alleges that she signed a retainer agreement with all Defendants in or about October 2004, in which they agreed to represent her in her medical malpractice action against Dr. Rothenberg. (SAC at 33.) If true, this establishes an attorney-client relationship between Plaintiff and Defendant Kraushaar.

Plaintiff alleges specific actions and omissions constituting Defendants' negligence, including their failure to comply with New Jersey's Affidavit of Merit statute, their failure to seek an extension of time to file an Affidavit of Merit, their failure to oppose Dr. Rothenberg's motion to dismiss, their failure to inform Plaintiff that her case had been dismissed, and their alleged misrepresentations to Plaintiff regarding the status of her case through February 2012. (SAC at 38-40, 51.) Defendant Kraushaar argues that these allegations, attributed to "defendants" as a group, rather than individual defendants, are insufficient to state a claim against him. However, the "short, plain statement" required by Federal Rule of Civil Procedure 8 "does not prohibit 'collective allegations' against multiple defendants," but requires that the allegations be "'sufficient to put each [d]efendant on notice of what they allegedly did or did not do.'" Howard v. Municipal Credit Union, No. 05-CV-7488, 2008 WL 782760 at *12 (S.D.N.Y. March 25, 2008)

(citations omitted). Here, Plaintiff's specific allegations of Defendants' omissions and misrepresentations, even though directed at Defendants as a group, are sufficient to put Defendant Kraushaar on notice of what he allegedly did or did not do.

The proximate cause element requires the Court to determine whether "a reasonable fact-finder could conclude that a 'reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence.'" Rubens v. Mason, 527 F.3d 252, 255 (2d Cir. 2008) (citation omitted). Here, Plaintiff has sufficiently alleged facts that, if true, would establish a claim for her underlying medical malpractice action against Dr. Rothenberg. She has alleged that she was under Dr. Rothenberg's exclusive care, that he failed to provide appropriate and indicated treatment when her left breast became swollen following her surgery, and that this failure to provide care resulted in multiple additional restorative surgeries and a permanent deformity to her left breast. (SAC at 28-30). Making all reasonable inferences in the Plaintiff's favor, these facts are sufficient to plausibly allege that Dr. Rothenberg "deviat[ed] or depart[ed] from accepted community standards of practice," and that "such deviation or departure was a proximate cause of injury or damage." Castro v. New York City Health & Hosp. Corp., 74 A.D.3d 1005, 1006 (N.Y. 2010). Because she has pleaded facts sufficient to show that her complaint in the underlying medical malpractice suit likely would have survived the motion to dismiss stage but for her attorneys' failure to properly comply with New Jersey court rules, Plaintiff has met the proximate cause requirement. See Nimkoff Rosenfeld & Schecter, LLP v. RKO Properties, Ltd., 07 Civ. 7983 DAB, 2011 WL 832859 at *2 (S.D.N.Y. Mar. 4, 2011) (allegations that defendant attorneys prepared papers that had to be corrected numerous times, failed to commence depositions for over three years, and allowed a lis pendens to expire were sufficient for a legal malpractice action); Diamond v. Sokol, 468 F. Supp. 2d 626, 639 (S.D.N.Y. 2006) ("[T]he fact that no one can

say for certain whether a judge would have granted a motion to amend, had such motion been timely made, does not render damages speculative.").

As for "actual damages," Plaintiff has alleged that, by the time Plaintiff learned about the dismissal of her medical malpractice claim, the statute of limitations for medical malpractice actions had expired, so that she is barred from reasserting her claims against Dr. Rothenberg. (SAC at 47). Because Plaintiff has adequately alleged that her claim would have had a reasonable likelihood of moving forward if not for Defendants' negligence, and that the opportunity to bring a potentially meritorious claim is now lost to her, she has sufficiently alleged an actual injury. See Diamond, 468 F. Supp. at 639.

For the reasons stated above, Defendant Kraushaar's motion to dismiss Plaintiff's legal malpractice claim is denied.

Sufficiency of Breach of Fiduciary Duty Claim

"Under New York law, where a claim for breach of fiduciary duty is 'premised on the same facts and seeking the identical relief as a claim for legal malpractice, the claim for fiduciary duty 'is redundant and should be dismissed.'" Norwind, 584 F.3d at 432–33 (quoting Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 780 N.Y.S.2d 593, 596 (N.Y. App. Div. 1st Dep't 2004)). Here, Plaintiff's allegations in support of her breach of fiduciary duty claim are identical to the allegations in support of to her legal malpractice claim. (SAC at 51, 58.) She has not identified a fiduciary duty or breach based on facts separate from those making out her legal malpractice claim, and she seeks identical damages of $5 million for both claims. (SAC at 55, 61.) Therefore, under New York law, her breach of fiduciary duty claim should be dismissed as duplicative of her legal malpractice claim.

However, the breach of fiduciary duty claim presents a potential conflict between

New York and New Jersey law. New Jersey law views a breach of fiduciary duty claim arising out of an attorney-client relationship as a "more egregious offense" than a legal malpractice claim, which merely requires a negligent breach of the duty of care. Packard–Bamberger & Co., Inc. v. Collier, 771 A.2d 1194, 1203 (N.J. 2001). If a plaintiff pleads facts demonstrating dishonesty, self-dealing, or breach of loyalty going beyond a mere breach of care, a plaintiff may be able to assert both a legal malpractice and a breach of fiduciary duty claim arising out of the same facts. Lopez-Siguenza, 2014 WL 4854452 at *6. Because Plaintiff has alleged not only mere negligence but misrepresentations and dishonesty on the part of Defendants, it is possible, though not certain, that her claim would survive under New Jersey law.

Because of this possible conflict of laws, and because the parties have not briefed the choice of law question, the Court declines to decide which law should apply. To the extent that Plaintiff's breach of fiduciary duty claim is premised on New York law, it will be dismissed as duplicative of her legal malpractice claim. To the extent it is premised on New Jersey law, Defendant Kraushaar's motion will be denied without prejudice to renewal in the event that Plaintiff wishes to press such a fiduciary breach claim.

Sufficiency of Breach of Contract Claim

Plaintiff's breach of contract claim must be dismissed as duplicative of her legal malpractice claim. Under New York law, "[w]hile it is true that a breach of contract claim need not be based on an express promise to the client, a breach of contract claim premised on the attorney's failure to exercise due care or to abide by general professional standards is nothing but a redundant pleading of the malpractice claim" and should be dismissed. See Sage Realty Corp. v. Proskauer Rose LLP, 675 N.Y.S.2d 14, 17 (N.Y. App. Div. 1st Dep't. 1998) (citations omitted). New Jersey law is to the same effect. Lopez-Siguenza, 2014 WL 4854452 at *7. Because

Plaintiff's allegations in support of her breach of contract claim are identical to those in support of her legal malpractice claim (SAC at 51, 64), and are not premised on any specific provisions in the contract that Defendant Kraushaar has allegedly breached beyond his duty to abide by general professional standards as her attorney, the Court will grant Defendant Kraushaar's motion to dismiss Plaintiff's breach of contract claim against him.

Sufficiency of Fraud Claim

Plaintiff also asserts a fraud claim against Defendant Kraushaar. Plaintiff's fraud claim is governed by Federal Rule of Civil Procedure 9(b), which requires fraud pleadings to "state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). To meet this standard, a complainant must specify the statements that she contends were fraudulent, identify the speaker, state where and when the statements were made, and explain why the statements were fraudulent. Wood ex rel. United States v. Applied Research Associates, Inc., 328 Fed. App'x 744, 747 (2d Cir. 2009) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994)). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (citing Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986)).

Here, Plaintiff has attributed her alleged misrepresentations to "defendants" as a whole. She does not specify which defendant or defendants made the misrepresentations, or where, when, and how often each misrepresentation was made. Such vague allegations are not sufficient to meet Rule 9(b)'s heightened pleading standard. The fraud claim also appears to be duplicative of the legal malpractice claim, as Plaintiff has not clearly identified the existence of a legal duty separate from the attorney-client relationship allegedly established by the retainer agreement, how a fraudulent misrepresentation was collateral to the retainer agreement, or how

damages caused by fraud could not be recoverable under the contract measure of damages. Calcutti v. SBU, Inc., 224 F. Supp. 2d 691, 698 (S.D.N.Y. 2002) (citing Bridgestone/Firestone v. Recovery Credit Services, 98 F.3d 13, 20 (2d Cir. 1996)) (dismissing fraud claim when defendant's allegedly fraudulent actions arose entirely from his representation under the retainer agreement).

Defendant Kraushaar's motion to dismiss Plaintiff's fraud claim against him will therefore be granted.

Plaintiff points out that Defendant Kraushaar failed to abide by the undersigned's Individual Practice Rule A.2(b)(i)-(ii), which require parties to "use their best efforts to resolve informally the matters in controversy" before making a motion and to certify that such efforts were made. While Defendant Kraushaar indeed failed to certify that he had used his best efforts to resolve the matter, Plaintiff chose to oppose the motion rather than amend the complaint in response to Defendant Kraushaar's arguments, which she was entitled to seek to do under Rule A.2(b)(iii). The latter rule further provides that, if a plaintiff decides to oppose a motion to dismiss rather than amend the complaint, "[n]o further opportunity to amend the challenged pleading in light of arguments raised in the motion will be granted." Because Plaintiff chose to oppose the motion rather than amend her complaint, the Court will not grant Plaintiff further leave to amend the dismissed claims.

## CONCLUSION

For the foregoing reasons, Defendant Kraushaar's motion to dismiss the Second Amended Complaint is denied with respect to Plaintiff's First Cause of Action and granted with respect to Plaintiff's Third and Fourth Causes of Action. Defendant's motion with respect to Plaintiff's Second Cause of Action is denied without prejudice to renewal.

This order resolves docket number 41. This case remains referred to Magistrate Judge Dolinger for general pre-trial management.

SO ORDERED.

Dated: New York, New York
November 14, 2014

                                                    / Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               United States District Judge